**ASK FINANCIAL LLP**
Joseph L. Steinfeld, Jr., Esq.
(*Admitted Pro Hac Vice*)
John T. Siegler, Esq.
Karen M. Scheibe, , Esq.
(*Admitted Pro Hac Vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 ext. 845 **Fax:** (651) 406-9676
**e-mail**: jsteinfeld@askfinancial.com

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427
**e-mail**: eneiger@askfinancial.com

Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Quebecor World (USA), Inc., et al.[1],<br><br>Debtors. | Bk. No. 08-10152-JMP<br>(Jointly Administered)<br><br>Chapter 11<br><br>Honorable James M. Peck |
| Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on <u>Exhibit "A"</u>. | Adv Nos. **Refer to <u>Exhibit "A"</u>** |

**PLAINTIFF'S MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY EUGENE I. DAVIS, AS LITIGATION TRUSTEE FOR THE QUEBECOR WORLD LITIGATION TRUST, PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE AND EXTENDING THE 120-DAY TIME LIMIT FOR SERVICE OF THE SUMMONSES AND COMPLAINTS**

Pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7004(m), 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedures (the

---

[1] The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Dallas II Inc., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor Printing Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc., and Quebecor World Memphis LLC.

"Bankruptcy Rules"), and General Order M-390 of the United States Bankruptcy Court for the Southern District of New York, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust (the "Plaintiff" or "Litigation Trustee"), by and through his undersigned counsel, ASK Financial, LLP ("ASK"), hereby moves this Court (the "Procedures Motion") for entry of a procedures order (the "Proposed Procedures Order"), substantially in the form annexed hereto as Exhibit "B", establishing streamlined procedures for all adversary proceedings brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in Exhibit "A" annexed hereto (collectively, the "Avoidance Actions")[2]: (a) extending the deadline for the defendants in each of the Avoidance Actions to file and serve answers or other responsive pleadings to the complaints filed in the Avoidance Actions by 60 days; (b) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and an initial pretrial conference under Bankruptcy Rule 7016 and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions[3]; (c) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; (d) requiring pre-motion conferences before any motion is filed in any of the Avoidance Actions; (e) authorizing service of certain pleadings by electronic mail; (f) extending the 120 day time limit for service of summonses and complaints by 60 days; and (g) establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures").

Plaintiff believes that, in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules. Like the applicable Bankruptcy Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency. In support of the Procedures Motion, Plaintiff respectfully represents as follows:

---

[2] This Procedures Motion and Proposed Procedures Order pertains only to the Avoidance Actions identified in Exhibit "A" annexed hereto. The Private Noteholders' litigation is exempt from this Procedures Motion and Proposed Procedures Order.

[3] Plaintiff reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

## JURISDICTION

1.  This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges," dated July 10, 1984. Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

2.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this is the district where the Debtors' chapter 11 cases are pending.

## BACKGROUND

3.  On January 21, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.  Pursuant to the Findings of Fact, Conclusions of Law, and Order, dated July 2, 2009, Confirming Third Amended Joint Plan of Reorganization of Quebecor World (USA) Inc. And Certain Affiliated Debtors and Debtors-in-Possession (the "Plan"), the Quebecor World Litigation Trust (the "Litigation Trust") was established on July 21, 2009, the effective date of the Plan.

5.  The Plan and the Litigation Trust Agreement attached thereto as Exhibit 6.11(a) (collectively, the "Plan/Trust Agreement") authorized the transfer of certain claims and trust assets including, but not limited to, the Avoidance Actions to the Litigation Trust.

6.  In addition, the Plan/Trust Agreement provided for the appointment and designation of the Litigation Trustee, to manage and operate the Litigation Trust, and to oversee the liquidation of the Litigation Trust's assets and distribution of claims recoveries. In furtherance thereof, Plaintiff is authorized pursuant to the Plan/Trust Agreement to prosecute, settle or otherwise compromise or abandon for the benefit of the Litigation Trust all claims and causes of action including, but not limited to, the Avoidance Actions transferred by the Debtors to the Litigation Trust. As such, the Plan/Trust Agreement authorizes Plaintiff to settle the Avoidance Actions by submitting to the Governing Board[4] for its review and approval:

> (a) Any proposed final settlement or disposition in connection with a Trust Asset [which includes the Avoidance Actions] that has an asserted value of less than $750,000.00 net of defenses, if any, which have been demonstrated to the reasonable

---

[4] "Governing Board" is defined in the Plan as the "board established pursuant to Article 6.11 of the Plan to participate in management of the Litigation Trust."

satisfaction of the Litigation Trustee; provided, that the Litigation Trustee will be authorized and empowered to take such action without any further (i.) action by the Governing Board or (ii) order of the Bankruptcy Court, after at least two business days written notice to the members of the Governing Board and either (A) no objection is received from any member of the Governing Board or (B) subject to a further written agreement between the Litigation Trustee and the Governing Board;

(b) Any proposed final settlement or disposition in connection with a Trust Asset [which includes the Avoidance Actions] that has an asserted value of equal to or more than $750,000.00 net of defenses, if any, which have been demonstrated to the reasonable satisfaction of the Litigation Trustee.

7. Pursuant to the Plan/Trust Agreement, Plaintiff is authorized to retain and pay professionals, employees, contractors or other agents to carry out his duties and obligations thereunder. Accordingly, on or about October 30, 2009, Plaintiff retained ASK to analyze and recover potential avoidance claims transferred by the Debtors to the Litigation Trust.

8. ASK has been the predominant legal and financial services firm specializing in the analysis and recovery of avoidance claims since 1983. Since 2000, ASK has recovered more than $170 million in preference claims and has handled more than 10,000 adversary proceedings. In fact, ASK has successfully prosecuted avoidance claims brought in the following four bankruptcy cases in which more than 1000 adversary proceedings were filed in each case: (i.) Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession (Delaware Bankruptcy Court), (ii.) Montgomery Ward, LLC, et al., Debtors in Possession (Delaware Bankruptcy Court), (iii.) Consolidated Freightways Corporation of Delaware, et al., Debtors in Possession (Central District of California Bankruptcy Court), and (iv.) House2Home, Inc., Reorganized Debtor (Central District of California Bankruptcy Court). Accordingly, ASK's experience evidences that it is well equipped to handle the large number of Avoidance Actions filed in this Court.

9. Upon its retention, ASK began diligently working to determine whether any transfers made by the Debtors to third parties within the 90 day period prior to the Petition Date (the "Preference Period"), may be avoided and recovered by Plaintiff pursuant to chapter 5 of the Bankruptcy Code. As part of this process, on October 30, 2009, ASK immediately contacted the Reorganized Debtors (as defined in the Plan), and sent a detailed written request for certain relevant electronic and physical records of the Debtors' required by ASK in order for ASK to properly evaluate potential avoidance claims and possible affirmative defenses thereto. Given the significant

volume of data that needed to be retrieved and the limited staffing available to the Reorganized Debtors, it took a substantial amount of time for the Reorganized Debtors to compile the information ASK requested. ASK offered to provide the Reorganized Debtors with assistance in acquiring the requested records. However, because of the proprietary nature of the records and the custom computer software used to store said records, the Reorganized Debtors needed to compile the records themselves. Nevertheless, by December 15, 2009, the Reorganized Debtors had provided to ASK sufficient data and documents concerning the Debtors' Preference Period payments and vendor invoices submitted to the Debtors and/or paid by the Debtors during the Preference Period. Immediately upon receipt of this information from the Reorganized Debtors, ASK exported the same into its database and began to analyze approximately 243,000 transactions in which the Debtors made a total of $476 million in gross transfers to 9114 individuals or entities during the Preference Period. ASK's analysis was completed on January 5, 2010. Based upon said analysis, ASK's identification and calculation of potential new value credit pursuant to 11 U.S.C. § 547(c)(4), and ASK's preliminary review of assumed contracts and other factors that would eliminate certain potential avoidance action targets from liability, ASK was able to reduce the list of potential avoidance actions targets from 9114 to 1745. ASK was not able to analyze the potential ordinary course of business defense pursuant to 11 U.S.C. § 547(c)(2) prior to the expiration of the statute of limitations on January 21, 2010 because ASK did not receive from the Reorganized Debtors all of the necessary relevant data and documents concerning the Debtors' historical payments. These records are still being compiled by the Reorganized Debtors, and the Reorganized Debtors are cooperating in providing these records and other requested information to ASK.

10. Between January 11, 2010 and January 20, 2010, Plaintiff timely commenced 1745 Avoidance Actions in this Court. Plaintiff's goal is to resolve each of these Avoidance Actions as efficiently as possible. Based upon ASK's experience and the facts known to ASK at this time, ASK does not believe the filing of the Avoidance Actions should have any significant impact on the Reorganized Debtors and the value of the Reorganized Debtors' business.

**RELIEF REQUESTED**

11. Plaintiff respectfully requests that the Court implement the Proposed Procedures in connection with the prosecution of the Avoidance Actions by entering the Proposed Procedures Order, substantially in the form annexed hereto as Exhibit "B",: (a) extending the deadline for the defendants in each of the Avoidance Actions to file and serve answers or other responsive pleadings to the complaints filed in the Avoidance Actions by 60 days; (b) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and an initial pretrial conference under Bankruptcy Rule 7016 and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions; (c) establishing procedures and timetables requiring the Avoidance Action be referred to non-binding mediation; (d) requiring pre-motion conferences before any motion is filed in any of the Avoidance Actions; (e) authorizing service of certain pleadings by electronic mail; (f) extending the 120 day time limit for service of summonses and complaints by 60 days; and (g) establishing omnibus hearings for the Avoidance Actions and general agendas for the same.

**BASIS FOR RELIEF REQUESTED**

**I.   Proposed Procedures Generally**

12. The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of these proceedings. Specifically, Bankruptcy Rule 7016(a) authorizes courts to enter orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

Fed.R.Bankr.P. 7016(a).

13. In addition, Bankruptcy Rule 7016(b) affords courts significant flexibility in case management and scheduling. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and to complete discovery. In addition, Bankruptcy Rule 7016(b) expressly provides that such order may include modifications for the

disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

14. Section 105(a) of the Bankruptcy Code also grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

15. The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines that Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. Plaintiff submits that implementation of the Proposed Procedures will further the cost-effective, timely resolution of the Avoidance Actions, for the benefit of creditors, the defendants in the Avoidance Actions, and all parties in interest. Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be extremely difficult and costly for Plaintiff to prosecute the Avoidance Actions in an efficient and timely manner and equally difficult for this Court to administer these matters. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, Plaintiff submits that such variations are necessary in light of the sheer number of Avoidance Actions that are currently pending before this Court.

16. Also, Plaintiff hopes and expects that the Proposed Procedures set forth in the Proposed Procedures Order will promote settlements and reduce defense costs because proceeding in such a manner may obviate the need for defendants to retain outside and/or local counsel during the settlement process. Often, not having to expend substantial resources for outside and/or local counsel is a major consideration in a defendant's willingness to settle quickly. Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

## II. Answer/Response Deadlines, Pretrial Conferences, Discovery and Motion Practice and Service by Electronic Mail

17. Given the volume of the Avoidance Actions Plaintiff commenced, Plaintiff believes that the provisions of the Proposed Procedures Order governing answer/response deadlines, scheduling conferences, pretrial conferences, initial disclosures, fact and expert discovery, motion practice, and service by email are imperative because said provisions establish a structured, efficient process for the resolution of the Avoidance Actions. Absent approval of the Proposed Procedures, Plaintiff will be inundated with requests for an extension of time to answer or respond, pretrial conferences[5] and negotiating individual scheduling orders, adversely affecting the ability to focus on the efficient and timely resolution of the Avoidance Actions. In addition, the Court's docket will be clogged with those matters and additional time will be consumed with reviewing and signing individual orders with respect to requests for extensions and scheduling orders in potentially hundreds of adversary proceedings.

18. Although Plaintiff's counsel is retained on a contingency fee bases, the Litigation Trust bears the full costs and expenses associated with litigation.[6] Thus, by instituting the Proposed Procedures requested herein, Plaintiff will be able to minimize the administrative costs to the Litigation Trust including, among other things, the cost and expense of having counsel travel to and from the Court for countless pretrial and scheduling conferences.

19. Additionally, by limiting unbridled motion practice, the Proposed Procedures will result in more orderly and efficient litigation and discourage dilatory tactics on the part of defendants.

20. Given the volume of Avoidance Actions currently filed, service of pleadings and other documents, except for the summonses and complaints, upon defendants in each of the Avoidance Actions by e-mail is the most efficient, cost-effective method for service. Regular service by mail, including mailing materials, copy charges, postage and the expense of personnel

---

[5] The Proposed Procedures establish a mandatory discovery schedule. Accordingly, Plaintiff believes that pretrial conferences and the written report otherwise required under Federal Rule 26 (made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026), would not be necessary or efficient with respect to the Avoidance Actions.

[6] Pursuant to the retention agreement between ASK and the Litigation Trust, ASK has agreed to advance all fees and expenses related to the Avoidance Actions litigation, and to seek reimbursement only from collections on the Avoidance Actions. Thus, if for some unforseen reason, there is insufficient recovery to cover the entire out-of-pocket expenses, ASK will not look to the Litigation Trust for reimbursement of any deficiency.

to put together individual packages of documents, far exceeds the minimal expense for e-mail service. In light of the foregoing, Plaintiff submits that the process proposed will save the Litigation Trust, Plaintiff and creditors thousands of dollars in unnecessary expenses.

### III. Referral of Avoidance Actions to Mandatory Non-Binding Mediation

21. Plaintiff seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation pursuant to General Administrative Order M-390 of the Court, which provides that "[t]he court may order assignment of a matter to mediation upon its own motion, or upon a motion of any party in interest. . ." *See* General Administrative Order M-390, ¶1.1. Thus, Order M-390 authorizes the Court to refer any dispute pending before it to mediation.

22. Referring unresolved adversary proceedings to mediation has proven highly successful in other bankruptcy cases in this district. Mandatory non-binding facilitative mediation orders similar to the provisions contained in the Proposed Procedures Order have been entered in other cases pending in the Southern District of New York such as In re TALT (f.k.a. Tower Automotive, Inc., *et al.*), Chapter 11 Case Nos. 05-10576 through 05-10601 (ALG), In re Ames Departments Stores, Inc. *et al.*, Chapter 11 Case No. 01-42217 (REG) and In re County Seat Stores, Inc., Chapter 11 Case No. 99-10010. In TALT, the mediators were able to resolve nearly 96% of the remaining 159 adversary proceedings in less than 10 months. In Ames Department Stores and County Seat Stores, to our knowledge, the mediator was able to successfully resolve every remaining preference action. *See also* Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings).

23. As the Proposed Procedures Order provides for non-binding mediation, it will not prejudice any party. In fact, Plaintiff submits that all parties will benefit from the mediation provisions in Proposed Procedures Order by providing the opportunity to resolve these matters without expensive and burdensome litigation and trial.

## IV. Extension of Bankruptcy Rule 7004(m) Period

24. Plaintiff believes that it is necessary to extend the 120 day time period provided for in Bankruptcy Rule 7004(m) by 60 days. Plaintiff had no other choice but to commence the Avoidance Actions to preserve causes of actions that are assets of the Litigation Trust because it would have been impossible to enter into tolling agreements with 1745 separate individuals and entities prior to the running of the applicable statute of limitations. Plaintiff believes that it will be advantageous to the Litigation Trust to further investigate the transfers at issue in some of the Avoidance Actions and to negotiate resolutions with these parties without the necessity of having to serve the summonses and complaints, which would result in creating an atmosphere of contentious litigation, while still having preserved the right to avoid the transfers.

25. Bankruptcy Rule 7004(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." (Emphasis added).

26. Thus, where, as here, good cause is shown before the expiration of the service period, Rule 7004(m) requires the Court to extend the 120 day period for service of process. Even where good cause is not shown, the rule permits the Court in the exercise of its discretion to extend the time for service. Mejia v. Castle Hotel, Inc., 164 F.R.D. 343 (S.D.N.Y. 1996) (interpreting Rule 4(m) of the Federal Rules of Civil Procedure); In re Ames Department Stores, Inc., No. 01-42217 (REG) (S.D.N.Y. Feb. 3, 2004 Order Extending Service Period); In re Enron Corp., et al., No. 01-16034 (AJG) (S.D.N.Y. April 28, 2004).

27. In addition, Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to perform acts required under the Federal rules of Bankruptcy Procedure:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

28.     The extension of the service period will substantially aid in the efficient administration of the Avoidance Actions. The benefits of the additional 60 days to Plaintiff are apparent: (a) valuable claims in favor of the Litigation Trust will be maintained; and (b) the defendants in some of the Avoidance Actions will not be burdened by having to incur legal fees defending litigation while simultaneously negotiating resolutions to the Avoidance Actions.

29.     Plaintiff submits the foregoing benefits constitute good cause under Bankruptcy Rule 7004(m). Were the Court to find that good cause has not been shown, Plaintiff submits that the Court should exercise its discretion to grant the requested extension of time.

**[Continued on following page]**

# THE PROPOSED PROCEDURES

30. The Proposed Procedures are set forth below.[7]

**A. Effectiveness of the Proposed Procedures Order**

(i.) The Proposed Procedures Order shall apply to all defendants in the Avoidance Actions, except as otherwise provided herein.

(ii.) If Plaintiff serves a defendant in the Avoidance Actions with a summons and complaint and a copy of the Procedures Motion less than 20 days prior to the hearing on the Procedures Motion (such defendant being referred to herein as an "Other Defendant"), (i.) the Other Defendant may object to being subject to the provisions of the Proposed Procedures Order; (ii.) the deadline for filing such objection by the Other Defendant shall be 15days from the date the Procedures Motion is served on such defendant, as more fully set forth in the Other Defendant Notice (as hereinafter defined); (iii.) if a timely objection is filed in accordance with the Other Defendant Notice, the Court shall hear such objection at the first Avoidance Actions Omnibus Hearing (as hereinafter defined below), which is at least 10 days following the date such objection is filed with the Court and served on counsel to Plaintiff; (iv.) if such objection is filed and cannot be resolved among the parties, the Court shall determine whether and to what extent the Proposed Procedures Order shall apply to such defendant. Plaintiff shall serve all Other Defendants with a notice, substantially in the form attached to the Procedures Motion as Exhibit "C", informing such defendant of the time to object to the application of the Proposed Procedures Order to such defendant, as set forth above (the "Other Defendant Notice").

**B. Extensions to Answer or File Other Responsive Pleading to the Complaint**

(i.) The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C. Waiver of Requirement to Conduct Scheduling Conference**

(i.) Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D. Waiver of Requirement to Conduct Pretrial Conference**

(i.) Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, (*i.e.,* pretrial conferences) shall not apply to the Avoidance Actions. However, the first Avoidance Actions Omnibus Hearing (as hereinafter defined below) shall be held on May 20, 2010 at 10:00 a.m. during which Plaintiff will present a status report concerning the Avoidance Actions to the Court. Defendants in each of the Avoidance Actions are not required to appear.

---

[7] Pursuant to the Plan/Trust Agreement, Plaintiff is authorized to settle the Avoidance Actions in accordance with the procedures set forth therein. Therefore, the Proposed Procedures do not include any additional procedures for settlement of Avoidance Actions. Upon the settlement of any of the Avoidance Actions, Plaintiff will take the appropriate steps, pursuant to the Court's procedures and applicable law, to have the Avoidance Actions closed.

E.  **Discovery and Mediation Schedule**

(i.) In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required under such Rule (the "Initial Disclosures") shall be made within 30 days after the date an answer to a complaint is filed in an Avoidance Action.

(ii.) The parties to the Avoidance Actions shall have through and including November 1, 2010 to complete non-expert fact discovery, including depositions of fact witnesses.

(iii.) All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Proposed Procedures Order is entered on the docket of the Court. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than September 1, 2010.

(iv.) The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due 60 days after service.

(v.) The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

(vi.) The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

(vii.) Any open Avoidance Actions that have not been resolved and/or settled by September 1, 2010 (the "Remaining Avoidance Actions"), shall be referred to mediation. Upon mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to September 1, 2010.

(viii.) Between September 1, 2010 and September 14, 2010, defendants in the Remaining Avoidance Actions shall choose 1 of 6 mediators (each a "Mediator", collectively, the "Mediators")[8] from the list of proposed Mediators qualified to handle these types of avoidance claims (the "Mediator List"), which list is annexed to the Procedures Motion as Exhibit "D". Concurrently, defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Porten, in writing, via email at lporten@askfinancial.com or via facsimile correspondence at 651-406-9676 or via letter correspondence addressed to ASK Financial, LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121, with copy to Plaintiff's counsel, Karen M. Scheibe, Esq., at kscheibe@askfinancial.com. If a defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List and will notify said defendant of such assignment.

(ix.) On September 15, 2010, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which

---

[8] Plaintiff submits that a limited pool of Mediators will quickly familiarize themselves with the facts common to all of the Remaining Avoidance Actions and, as such, will be able to deal efficiently and effectively with each. Moreover, Plaintiff further submits that having the parties negotiate and agree upon a unique mediator for each and every Remaining Avoidance Action would consume far too much time and resources and may obviate entirely the benefits to be gained from mediation.

the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations.

(x.) Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

(xi.) Within 5 days after the conclusion of each mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

(xii.) All mediations of the Remaining Avoidance Actions must be concluded by June 1, 2011.

(xiii.) Should mediation fail to resolve Remaining Avoidance Actions, Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party within 30 days after the Mediator's Report is filed.

(xiv.) Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

(xv.) All expert discovery, including expert witness depositions, shall be concluded within 90 days after the Mediator's Report is filed.

(xvi.) All remaining fact and expert discovery must be completed, and discovery will close, the earlier of 120 days after the Mediator's Report is filed or on October 1, 2011

(xvii.) The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

**F.   Mediation Procedures and Requirements**

(i.) Since the Remaining Avoidance Actions are proceedings before this Court, New York is the proper forum for mediation.

(ii.) The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party *and* a representative of each party having *full* settlement authority shall attend the mediation in person except that, a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

(iii.) The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

(iv.) The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different

location. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

(v.) Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Proposed Procedures Order with respect to mediation, may result in a default judgment being obtained against the defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Proposed Procedures Order.

(vi.) The fees and reasonable expenses of the Mediator shall be shared equally by the parties on a per case basis. The Mediator's fees shall be fixed as follows:

- Cases with a claim amount (as reflected in the complaint) of less than $250,000: $1,250 per party, per case;

- Cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000: $2,000 per party, per case; and

- Cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $3,000 per party, per case.

(vii.) If the parties mutually request that a Mediator travel from New York City to some other location for mediation, and the Mediator agrees to the location, the Mediator's fee shall increase by $500 per party; per case.

(viii.) The full fees and expenses of the Mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the Mediator of the cancellation by facsimile or email no less than 5 days prior to the scheduled mediation date (not counting the day scheduled for mediation).

(ix.) Each party shall pay its portion of the Mediator's fee at least 5 days before the commencement of mediation. The parties shall each pay half (50%) of the Mediator's reasonable expenses, per case, within 14 days after billing by the Mediator; provided however, if a defendant fails to timely pay a bill for a Mediator's fees or expenses, Plaintiff shall pay the bill and may recover such sum as part of a default judgment. The parties and the Mediator may enter into an agreement for the Mediator to continue his or her efforts after the conclusion of the formal mediation session, on such terms as may be agreed upon among the Mediator and all parties.

(x.) Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Proposed Procedures Order shall not create a conflict of interest with respect to the representation of such defendants by the Mediator's law firm.

(xi.) The Mediator shall not be called as a witness by any party. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Proposed Procedures Order.

Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court.

(xii.) All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.

**G. Permission from the Court Required before Filing Motions in Avoidance Actions**

(i.) No motions may be made in any of the Avoidance Actions without a prior Court conference, which may be sought, on notice, via telephone conference with the Court.

**H. Electronic Service**

(i.) Notices of Avoidance Actions Omnibus Hearings (as hereinafter defined below), and any motions or other pleadings filed by Plaintiff in the Avoidance Actions may be served by e-mail.[9] However, a printed copy of the summons, complaint, this Procedures Motion, the Proposed Procedures Order, and the final order entered by the Court with respect to the Procedures Motion shall be served by U.S. Mail, postage prepaid, upon all parties entitled to notice thereof.

(ii.) Service by e-mail shall be effective as of the date such e-mail is sent to the e-mail address provided by the Avoidance Actions defendants in the Information Form (as hereinafter defined).

(iii.) Plaintiff shall send to each defendant in the Avoidance Actions, together with the Proposed Procedures Order, a notice and information form, a copy of which is attached to the Procedures Motion as Exhibit "E" (collectively, the "Information Form"), and a pre-addressed, postage prepaid envelope. The Information Form must be completed by or on behalf of each defendant in the Avoidance Actions and returned to Plaintiff's counsel within 30 days after the date an answer to a complaint is filed in an Avoidance Action.

(iv.) The Information Form must be completed and returned to Plaintiff with valid contact information, including a name, address, phone number, facsimile number (if available), and an e-mail address for the defendant or the parties designated by the defendant to be contacted in connection with the Avoidance Actions (the "Designated Notice Parties"). **Only the Designated Notice Parties listed on the Information Form will receive notice of pleadings, conferences, and other information in connection with the Avoidance Actions. All such documents will be served solely by e-mail**.[10]

(v.) Parties other than Plaintiff serving notices or pleadings in the Avoidance Actions may not serve such documents by e-mail and shall serve such documents in accordance with the Bankruptcy Code and the Bankruptcy Rules.

---

[9] Any defendant that is an individual and is not represented by counsel shall not be subject to the provisions of Section H of this Proposed Procedures Order regarding service by e-mail, except if such defendant provides the applicable Designated Notice Party's e-mail address to Plaintiff on an Information Form (as hereinafter defined).

[10] If a Designated Party does not have an e-mail address, this fact must be clearly indicated by checking the appropriate box on the Information Form. In this case, the Designated Party shall be served by U.S. mail, overnight mail, facsimile, or hand-delivery to the address on the Information Form (the choice of the foregoing being in the sole discretion of Plaintiff).

**I. Extension of the Time Period for Service of the Summonses and Complaints in the Avoidance Actions**

(i.) The time period for Plaintiff to serve the summonses and complaints in the Avoidance Actions shall be extended by 60 days such that service of a summons and complaint must be made upon a defendant in an Avoidance Action within 180 days after the filing of the complaint.

**J. Avoidance Actions Omnibus Hearings**

(i.) All matters concerning any Avoidance Actions shall only be heard at an omnibus hearing before the Honorable James M. Peck (collectively, the "<u>Avoidance Actions Omnibus Hearings</u>"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any. The first Avoidance Actions Omnibus Hearing shall be held on May 20, 2010 at 10:00 a.m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled approximately every 90 days at the convenience of the Court.

(ii.) Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the defendant to appear; and (c) Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

(iii.) All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at an Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

(iv.) Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

(v.) After all discovery has been completed in an Avoidance Action, and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Proposed Procedures Order, set addition deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

**K. Miscellaneous**

(i.) The Proposed Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders. In all other circumstances, the Bankruptcy Rules and/or General Administrative Order M-390 of the Court dated December 1, 2009 shall govern the Avoidance Actions (as applicable).

(ii.) The deadlines contained in the Proposed Procedures Order may be extended by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation need not be filed with the Court.

(iii.) Pursuant to the Plan/Trust Agreement, Plaintiff is authorized to settle the Avoidance Actions in accordance with the review and approval procedures of the Governing Board set forth therein. Accordingly, no approval of the Court or further Court order under Bankruptcy Rule 9019 or otherwise shall be necessary with respect to any settlement by Plaintiff of any of the Avoidance Actions.

## NOTICE

31. Notice of this Procedures Motion has been provided to: (i.) all entities that are defendants in the Avoidance Actions as of the date hereof, which are identified in Exhibit "A" annexed hereto; (ii.) counsel for the Debtors; (iii.) counsel for the Noteholder Group; and (iv.) the United States Trustee. Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

32. Within 10 days of entry of an order approving this Procedures Motion, Plaintiff shall serve such order on all entities that are parties to the Avoidance Actions as of the date thereof.

## NO PRIOR REQUEST

33. No other or prior motion for the relief sought herein has been made to this Court or any other court.

**[Concluded on following page]**

**WHEREFORE**, Plaintiff believes the Proposed Procedures are integral to the ability to resolve the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, Plaintiff's efforts towards an expeditious closing of the Debtors' Chapter 11 cases. In light of the foregoing, Plaintiff submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules and sections of the Bankruptcy Code.

Accordingly, Plaintiff respectfully requests that this Court enter the Proposed Procedures Order, attached hereto as Exhibit "B", (i.) approving the Proposed Procedures and (ii.) granting such other and further relief as the Court deems just and proper.

Dated: January 27, 2010

ASK FINANCIAL LLP

By   /s/  *Joseph L. Steinfeld*
Joseph L. Steinfeld, Jr., Esq. (*Admitted Pro Hac Vice*),
John T. Siegler, Esq.
Karen M. Scheibe, Esq. (*Admitted Pro Hac Vice*),
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 **Fax:** (651) 406-9676
**e-mail**: jsteinfeld@askfinancial.com

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427
**e-mail**: eneiger@askfinancial.com

Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust

-19- PROCEDURES MOTION
C:\Documents and Settings\askguest\My Documents\QBC Procedures Motion FINAL.wpd / 10Jan10, 16:32